## GRAHAM *v.* BANCO TERRITORIAL Y AGRÍCOLA ET AL.

### APPEAL from the District Court of San Juan.

No. 65.—Decided February 23, 1904.

MORTGAGE—PERSONAL PROPERTY SITUATED UPON THE MORTGAGED ESTATE.—When it has been declared by final judgment that certain personal property situated upon the mortgaged estate is subject to the mortgage, and that the attachment of the same should proceed until payment is made by the creditor, such a declaration involves an absolute denial of the right of the owner of said personal property to claim the same from the execution creditor.

OBLIGATION—FRAUD—NEGLIGENCE OR DELAY.—In order that articles 1101 and 1108 of the old Civil Code may be applicable, a pre-existing obligation between the parties is necessary, which has been agreed upon by any of said parties, or that any of the same may have been guilty of fraud, negligence, or delay in the fulfillment thereof.

ID.—ACT OR OMISSION—INDEMNITY.—The person who by an act or omission causes an injury to another, when there is fault or negligence, is obliged to repair the damage so caused.

DAMAGE—COSTS.—A person who demands a more or less clear right before the courts does not, properly speaking, commit any damage, and the imposition of costs is the only corrective which is proper when the unwarranted claims are wholly rejected.

CREDITOR—INTEREST—REAL AND PERSONAL ACTION.—Such part of the interest which the creditor is unable to recover from the person obligated in a real mortgage action, may be claimed in a personal action, being considered with respect thereto, in general assignment proceedings, as a mortgage creditor protected by a public document.

COUNTER-CLAIM.—The fact that the owner of personal property situated upon a mortgaged estate, and subject to the same mortgage, attempts to assert his rights to such property in executory proceedings, although unsuccessfully, thereby preventing the execution creditor from disposing of the proceeds of a sale of the property, does not constitute a proper subject of counter-claim.

### STATEMENT OF THE CASE.

This is a complaint in intervention of better right instituted in the court of this district by Robert Graham y Fraser, a resident of Ponce, engineer, represented in this Supreme Court by Jacinto Texidor, attorney, against the

Territorial y Agrícola, establecido en esta Capital, representado y dirigido por el Licenciado D. Juan de Guzmán Benitez y D. José Ricardo Carazo, vecino de Bayamón, agricultor, en rebeldía, sobre tercería de mejor derecho; autos pendientes ante *nos* en virtud de recurso de casación, hoy de apelación, interpuesto por D. Roberto Graham y Fraser contra la sentencia pronunciada que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de San Juan de Puerto Rico á nueve de Diciembre de mil novecientos dos. *Vistos* estos autos declarativos seguidos entre partes, de una D. Roberto Graham y Fraser, vecino de Ponce, Ingeniero, dirigido y representado primeramente por el Licenciado D. Herminio Diaz Navarro y luego por D Jacinto Texidor y Alcalá del Olmo, como demandante y de otra, el Banco Territorial y Agrícola, establecido en esta ciudad, dirigido y representado por el Licenciado D. Juan de Guzmán Benitez y D. José Ricardo Carazo, vecino de Bayamón, agricultor, en los estrados del Tribunal, como demandados, sobre tercería de mejor derecho al cobro del importe de los bienes embargados en autos ejecutivos seguidos entre estos últimos.

*Resultando*: que D. Roberto Graham y Fraser formuló demanda de tercería de mejor derecho contra el Banco Territorial y Agrícola y D. José Ricardo Carazo, pidiendo se declare que las maquinarias del Sr. Graham sólo deben responder, dado el valor de la hacienda Cármen y de la maquinaria que se consigna en el título hipotecario del Banco Territorial y Agrícola, cada uno de lo que aprorrateo correspondan con aquéllas sumas del importe total del crédito del Banco y de las costas, perteneciendo á Graham en cuanto á la maquinaria el exceso, teniendo el último mejor derecho por ese exceso, con costas al que se opusiere.

*Resultando*: que dicha demanda la funda en que por escritura pública de veinte y ocho de Junio de mil ochocientos noventa y seis Carazo confesó deber al Banco Territorial y Agrícola, y se comprometió á pagar en plazos semestrales, diez y seis mil pesos que con los intereses acumulados daban un total de veinte y cuatro mil doscientos once pesos veinte centavos, pactándose que vencidos dos plazos y no satisfechos, se consideraría vencida toda la deuda; que á esa obligación hipotecó la hacienda "Cármen", de Bayamón, con

"Banco Territorial y Agrícola," established in this city, represented by Juan Guzmán Benítez, attorney, and José Ricardo Carazo, a resident of Bayamón and an agriculturalist, in default, which case is pending before us on appeal in cassation, now ordinary appeal, taken by Robert Graham y Fraser from the judgment delivered. Said judgment reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, December ninth, one thousand nine hundred and two. In the matter of a declaratory action between Robert Graham y Fraser, a resident of Ponce, engineer, represented by Herminio Diaz Navarro, attorney, and afterwards by Jacinto Texidor y Alcalá del Olmo, attorney, as complainant, and the 'Banco Territorial y Agrícola' established in this city, represented by Juan de Guzmán Benítez, attorney, and José Ricardo Carazo, a resident of Bayamón, agriculturalist, who was in default, as defendants, upon an intervention of better right to the collection of the value of the property attached in executory proceedings had between the last-mentioned parties.

"Robert Graham y Fraser brought an action in intervention of better right against the 'Banco Territorial y Agrícola' and Jose Ricardo Carazo, praying that it be declared by the court that only the machinery belonging to Graham, included in the mortgage of the estate 'Carmen' and machinery thereof, made in favor of the 'Banco Territorial y Agrícola,' be declared liable for a sum proportionate to the value of the bank's claim and costs, and that said Graham had a better right over the resulting balance, as to said machinery, with costs against any one opposing his claim thereto.

"He bases his right of action on the fact that by public document of June 28, 1896, Carazo acknowledged that he owed the 'Banco Territorial y Agrícola' sixteen thousand *pesos* and interest accrued, aggregating twenty-four thousand two hundred and eleven *pesos* and twenty *centavos,* which he engaged to pay in semi-annual installments, it being stipulated that in case of default in the payment of two successive installments, the whole debt would be considered as due; that to insure the fulfillment of said obligation he mortgaged the estate 'Carmen,' of Bayamón, with all its appurtenances and such

todas sus pertenencias y cuantas más pudieran incorporarsele en lo sucesivo, promoviendo el Banco procedimiento de cobro hipotecario por diez y seis mil cuatrocientos diez pesos, sustituyendo luego ese procedimiento por el ejecutivo de la ley procesal; que despachada la ejecución, se embargó la finca hipotecada y las máquinarias en ellas instaladas antes y después de la hipoteca; que en dos de Enero de mil novecientos, Graham formuló demanda de tercería de dominio de las maquinarías, fundada en la escritura de treinta y uno de Mayo de mil ochocientos noventa y siete, que acompaña, recayendo sentencia en casación, declarando que las maquinarías litigiosas eran de la propiedad de Graham pero estaban sujetas á la responsabilidad del crédito hipotecario del Banco, sin especificar la suma por que debían responder, y por esa resolución del Banco, al que se le ha adjudicado por ocho mil ciento ochenta y un pesos ochenta centavos la hacienda ''Carmen'', sigue procedimiento de apremio contra la maquinaria por el resto que se le debe, haciéndole así á la par que la hacienda ''Carmen'', responsable de la totalidad del crédito.

*Resultando*: que los fundamentos legales de esa demanda son: que por la predicha sentencia en casación se trata aquí de dos bienes distintos por las personas á que pertenecen, la hacienda ''Carmen'', de Carazo, y la maquinaría de Graham, precisando determinar el límite del gravámen que los afecta; que entre el Banco y Carazo hay un tercero, Graham, y se oponen á que al gravámen sobre la maquinaría se le dé el alcance que se le dá, Artículos 119 al 121 de la Ley Hipotecaria, sentencia del Supremo de 9 de Noviembre de 1881, y resolución de la Directiva de los Registros de 18 de Abril de 1876 y 22 de Septiembre de 1882; que el Supremo al resolver que la maquinaría de Graham está adscrita á la hipoteca, no determinó por qué cantidad, y debe hacerse la distribución que determina el párrafo segundo del Artículo 164 del Reglamento, y lo legal es, dado el valor de la hacienda y la maquinaría, que se asigna en el título hipotecario y en el de Graham, prorratear con esas sumas, perteneciendo á Graham el exceso, siendo de aplicar al juicio los Artículos 1530 al 1540 de la Ley de Enjuiciamiento Civil.

*Resultando*: que el Banco Territorial y Agrícola pidió se declare sin lugar la demanda con las costas, sentando los siguientes hechos: que acepta los hechos agregando al sexto y último que la suma pendiente al Banco de pago es la que sigue en apremio contra las maqui-

others as might subsequently be incorporated therein; and the bank instituted foreclosure proceedings for sixteen thousand four hundred and ten *pesos,* which were afterwards substituted by execution proceedings provided by the Law of Procedure; that, the writ of execution having issued, an attachment was levied on the mortgaged estate and machinery installed thereon before and after the mortgage; that on January 2, 1900, Graham had instituted an action in intervention of ownership of the machinery, based on the public document of May 31, 1897, which was filed, judgment being rendered in cassation declaring that the machinery in controversy belonged to Graham but was subject to the liability of the mortgage credit held by the bank, without specifying the amount for which it was liable, and pursuant to this decision the bank, to which the estate 'Carmen' had been awarded for the sum of eight thousand eighty-one *pesos* and eighty *centavos,* had instituted execution proceedings against the machinery for the balance due, thus making it liable for the whole debt in the same manner as the estate 'Carmen.'

''The legal grounds of the complaint are: That aforesaid judgment in cassation dealt with two distinct properties belonging to different owners, namely, the estate 'Carmen,' belonging to Carazo, and the machinery owned by Graham, and it was necessary to determine the limit of the encumbrance resting upon them; that between the bank and Carazo there was a third party, Graham, and the scope given to the encumbrance on the machinery was opposed alike by articles 119 and 121 of the Mortgage Law, by the judgment of the Supreme Court of November 9, 1881, and by the decision of the Direction of Registries of April 18, 1876, and September 22, 1882; that the Supreme Court, in deciding that the machinery belonging to Graham was subject to the mortgage, did not state in what amount, and therefore the distribution should be made as called for by paragraph 2 of article 164 of the Regulations for the execution of the Mortgage Law, and the value of the estate and of the machinery as specified in the mortgage deed and that of Graham's credit being given, the proper thing to do is to apportion these amounts, Graham being entitled to the balance; articles 1530 and 1540 of the Law of Civil Procedure being applicable to the case.

''The 'Banco Territorial y Agrícola' asked that the complaint be dismissed with costs, alleging the following facts: That it accepts the facts as stated, adding thereto that the compulsory proceedings for the recovery of the outstanding amount due the bank, and inter-

narías y los intereses de esa suma y las costas; y como derecho que declaró el Supremo que las maquinarías de Graham están afectas por la misma hipoteca que grava á favor del Banco Territorial y Agrícola la finca de Carazo, y se siguiéra el ejecutivo contra ellas, fué por que la finca y maquinarías, incluso las de Graham, formaban un solo cuerpo, sin que obste á ello que éste y Carazo fueran personas distintas; que Graham no es tercero sino ejecutado, y no puede ser parte en el ejecutivo y tercerista en el incidente, no pudiendo el ejecutado interponer tercería sin cambiar de naturaleza convirtiéndose en acreedor habiendo alegado ántes el dominio; que el mejor derecho supone un crédito que no existe, porque Graham es dueño de las maquinarías y no acreedor de Carazo; que aún siendo cierto que la hacienda y las maquinarías de Graham formaran cuerpos distintos, esto resultaría después de constituida la hipoteca y no cabe invocar los Artículos 119 al 121 de la Ley Hipotecaria que establecen la división del gravámen cuando se hipotequen varias fincas á la vez por un solo crédito, porque la hipotecada, si se divide en dos ó más, no se divide el crédito entre ellas, sino voluntariamente de acuerdo el deudor y el acreedor, según el 123; y que debe ser condenado en costas el demandante.

*Resultando*: que por otro sí del escrito de contestación reconviene el Banco al demandante por daños y perjuicios fundandolo en que se presentó tanto en el ejecutivo como en la tercería de dominio de Graham y tasadas las maquinarias de éste y fijado día para el remate, tuvo lugar en diez de Febrero de este año presentándose licitador que ofreció cuatro mil quinientos ochenta dollars que cubrian las dos terceras partes del avalúo le fueron adjudicados los bienes á dicho postor, mandándole poner en posesión de las maquinarias y consignando el precio; que presentada la tercería de mejor derecho por Graham fué depositada esa suma en el Banco Territorial y Agrícola, según consta de los resguardos obrantes en autos, viéndose el Banco privado de disponer de su dinero por la tercería sin poderlo evitar; que el Banco ha presentado la liquidación de la parte pendiente de su crédito sin contar costas é intereses y acredita lo que de los cuatro mil quinientos ochenta pesos le corresponde percibir como acreedor hipotecario sin las costas y que lo pendiente de percibir forma parte del crédito orígen de estos autos en el que se estipuló el interés del

est thereon and costs, were directed against the machinery. The grounds of law were: That if the Supreme Court had declared that Graham's machinery was subject to the same mortgage which encumbered Carazo's estate in favor of the bank, and ordered that the execution proceedings against it be prosecuted, it was because the estate and machinery, including that of Graham, formed a single body irrespective of the fact that Graham and Carazo were two distinct persons; that Graham is not a third party, but an execution debtor, and he cannot be a party in the execution proceedings and a third party in the incidental issue, for an execution debtor cannot interpose an intervention of better right without changing his character and becoming a creditor, when he had before claimed ownership; that the intervention of better right presupposes a credit which does not exist, since Graham is owner of the machinery, and not Carazo's creditor; that even were it true that the estate and Graham's machinery formed two distinct bodies, this would result after constituting the mortgage, and there is no ground for invoking articles 119 to 121 of the Mortgage Law, which prescribe the division of the encumbrance when several estates are mortgaged together to satisfy one debt only, because if the mortgaged estate is divided into two or more parts, the mortgage debt shall not be distributed among them, unless the creditor and debtor voluntarily agree to do so, according to article 123; and the plaintiff should be condemned to pay the costs.

"In additional matter set up in its answer to the complaint the bank brought forward a counter-claim against the plaintiff for losses and damages, based upon the fact that it had appeared both at the execution proceedings and at the intervention of ownership by Graham, and the latter's machinery being appraised and a day set for the public sale, the same was held on the 10th of February, 1902, when it was awarded to a bidder who offered four thousand five hundred and eighty dollars—two-thirds of the appraised value of said machinery—the bidder being ordered to be put in possession thereof upon payment of the price; that the intervention of better right having been presented by Graham, the money was deposited in the 'Banco Territorial y Agrícola,' as shown by the vouchers on file with the record, and thus the bank was deprived of disposing of its money by reason of the intervention, which it was beyond its power to prevent; that the bank had presented the liquidation of the outstanding portion of its credit without calculating costs and interest, and credited the portion of the four thousand five hundred and

nueve por ciento anual; siendo el derecho los Artículos 1101, 1108 dél Código Civil y las costas por la temeridad, pidiendo se condene á Graham á que abone al Banco por daños y perjuicios el nueve por ciento de interés sobre la suma que corresponda al Banco cobrar de los cuatro mil quinientos ochenta pesos de la venta de las maquinarías á partir de la fecha en que resulte en autos acreditada dicha suma.

*Resultando*: que conferido traslado de la reconvención, acusada la rebeldía, se señaló día para la comparecencia para formular las pruebas, transfiriéndose á instancia del demandante por no poder concurrir, para otro día, en el que formularon las partes las que estimaron conveniente á su derecho.

*Resultando*: que de la prueba del demandante consta se unió á los autos en cuerda floja el ejecutivo del Banco contra Carazo y la tercería de dominio que Graham formulara contra dicho ejecutivo, siendo la escritura acompañada por el demandante á su demanda la otorgada en 31 de Mayo de 1897, por Don José R. Carazo y Don Roberto Graham ante Don Mauricio Guerra, manifestando que compró el primero al segundo, é instaló en la hacienda "Carmen", de Bayamón, las maquinarías que detallan, por valor de dos mil trescientos setenta y cinco libras esterlinas, que Carazo satisfizo parte del precio, adeudando mil trescientos veinte y cinco libras en la fecha de la escritura y deseando prorrogar el pago para el 31 de Mayo de 1898, expresando conste el acuerdo de los otorgantes, sientan que el comprador satisfará á su vendedor las libras adeudadas y los intereses al doce por ciento en la fecha indicada con la condición de que Graham conserva el dominio sobre las maquinarías detalladas hasta el total pago; y la sentencia del Tribunal Supremo de esta Isla, recaida en la tercería de dominio en la demanda mencionada, á virtud del recurso de casación interpuesto por el Banco, declarándolo con lugar y casando la sentencia recurrida, manda alzar el embargo de las maquinarías y quedar á disposición del tercerista; y la dictada á continuación por esa declaratoria, deja subsistente el pronunciamiento sobre dominio de las maquinarías á favor de Graham declarando que dichas maquinarias están afectas por la misma hipoteca que

eighty dollars it was entitled to receive as mortgage creditor, exclusive of costs, and what remained outstanding formed part of the credit giving rise to these proceedings, on which an interest of nine per cent. per annum had been stipulated. As grounds of law articles 1101 and 1108 of the Civil Code were cited, and costs asked to be imposed upon plaintiff for his persistency in the prosecution of his claim. Defendant prayed that judgment be rendered condemning Graham to pay the bank as damages and losses, nine per cent. interest on the sum the latter was entitled to recover out of the four thousand five hundred and eighty dollars, proceeds of the sale of the machinery, to be reckoned from the date on which said sum had been duly established in the proceedings.

"Notice of the counter-claim having been duly served upon plaintiff, the default was entered and a day set for the presentation of evidence, which, at the request of the plaintiff, was postponed to another day, when the parties appeared and offered such evidence as was deemed most pertinent to their respective claims.

"The proofs submitted by the plaintiff were: The executory proceedings instituted by the bank against Carazo, and the intervention of ownership interposed by Graham against said proceedings; the deed executed May 31, 1897, by José R. Carazo and Robert Graham before Mauricio Guerra, wherein it is stated that the former had purchased from the latter and set up on the estate 'Carmen,' in Bayamón, the machinery therein specified, for the sum of two thousand three hundred and seventy-five pounds sterling, part of which had been paid by Carazo, leaving a balance of one thousand three hundred and twenty-five pounds at the date of the deed, which the vendee agreed to pay to the vendor with interest at twelve per cent. on May 31, 1898, Graham to retain the ownership of said machinery until the debt had been paid in full; the judgment rendered by the Supreme Court of the Island in the matter of the intervention of ownership instituted in aforesaid complaint, on appeal in cassation taken by the bank, annulling the judgment appealed from, and ordering the attachment of the machinery to be dissolved, and said property left at the disposal of the third party; and the one rendered thereafter, which, while affirming the ownership of the machinery in favor of Graham, declared that said machinery was subject to the same mortgage encumbering the estate 'Carmen,' on which the machinery is installed, in favor of the 'Banco Territorial y Agrícola,' and instead of dissolving the attachment on said machinery, ordered the

grava á favor del Banco Territorial y Agrícola la hacienda "Carmen" en que están instaladas, y léjos de alzarse el embargo de las mismas, manda á seguir adelante el ejecutivo contra ellas hasta terminar la vía de apremio y hacer pago al ejecutante del crédito reclamado, sin perjuicio de los derechos de Graham contra Carazo.

*Resultando*: que la prueba del demandado consiste en los autos de tercería incluyendo la sentencia del Supremo relacionada en el anterior resultando y certificación del Secretario del Tribunal de constar en los ejecutivos del Banco Territorial y Agrícola contra Don José Ricardo Carazo, hoy D. Roberto Graham, después de adjudicada al Banco la finca de Carazo con exclusión de la maquinaría de Graham, quedó pendiente de cobro según aparece de la liquidación practicada en diez de Marzo último ascendente á cuatro mil ciento cincuenta y ocho pesos siete centavos por capital é intereses más las costas, por lo cual se pidió la continuación del procedimiento de apremio contra las maquinarias de Graham, siendo éstas vendidas en subasta, depositándose el importe en el mismo Banco á disposición del Tribunal con motivo de la tercería de mejor derecho interpuesta por Graham.

*Resultando*: que señalada la vista informaron los defensores de las partes lo que estimaron conveniente al derecho que representaban.

Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martinez.

*Considerando*: que declarado por ejecutoria el dominio de Graham á las maquinarías enclavadas en la hacienda "Carmen", las que están afectas por la misma hipoteca que grava á favor del Banco Territorial y Agrícola la hacienda "Carmen" en que están instaladas y lejos de alzarse el embargo de las mismas siga adelante el ejecutivo contra ellas hasta terminar la vía de apremio y se haga pago al ejecutante del crédito reclamado, esa declaración de la ejecutoria cerró á Graham la puerta á toda reclamación contra el Banco en los bienes embargados, demostrando con la incoada su temeridad.

*Considerando*: que si alguna duda pudo tener, la reserva de derechos á Graham contra Carazo ha debido disipársela.

*Considerando*: que el entorpecimiento sufrido por el Banco con las gestiones de Graham y el no haber recibido á su debido tiempo la suma consignada y depositada, hace procedente la reconvención.

*Fallamos*: que debemos declarar y declaramos con lugar la reconvención por el Banco formulada y sin lugar la tercería de mejor derecho por Graham promovida, y en su virtud condenamos al de-

execution against the same to proceed until the termination of the compulsory proceedings and payment of the sum due to the execution creditor, without prejudice to the rights of Graham against Carazo.

"The proofs of the defendant consisted of the proceedings in intervention, including the judgment of the Supreme Court, mentioned in the foregoing finding, and a certificate of the court clerk to the effect that in the executory proceedings instituted by the bank against José Ricardo Carazo, now against Robert Graham, after awarding to the bank Carazo's estate, without including Graham's machinery, there remained an unpaid balance, as per liquidation made March 10, 1902, amounting to four thousand one hundred and fifty-eight *pesos* and seven *centavos,* being capital and interest besides costs, for which reason a request was made for a continuation of the compulsory proceedings against Graham's machinery, the same being sold at public sale and the proceeds deposited in aforesaid bank at the disposal of the court, by reason of the intervention of better right interposed by Graham.

"A day being set for the hearing, both parties pleaded their respective claims, after which Presiding Judge Juan Morera Martínez rendered judgment as follows:

"By executory judgment, Graham's dominion over the machinery placed on estate 'Carmen,' which is subject to the same mortgage encumbering the estate in favor of the 'Banco Territorial y Agrícola,' is declared; and instead of dissolving the attachment levied on aforesaid machinery, the execution against it is ordered to go on until the termination of the compulsory proceedings and payment of the claim of the execution creditor, as Graham is thereby barred from any claim against the bank in the attached property, the action instituted by him shows his persistency in litigation.

"If any doubt could have been entertained by Graham, the reservation of rights made in his favor against Carazo should have dispelled it.

"The obstacles experienced by the bank through Graham's action, which prevented the former from receiving in time the money deposited, justifies the counter-claim.

"We adjudge that we should declare and do declare that the counter-claim presented by the bank will lie, and that the intervention of better right instituted by Graham is not tenable.    We therefore

mandante á pagar al Banco Territorial y Agrícola el nueve por ciento de intereses sobre la suma que le corresponda cobrar de los cuatro mil quinientos ochenta pesos de la venta de las maquinarías, á partir de la fecha en que resulte en autos acreditada dicha suma, y en las costas de este juicio.

Así por esta nuestra sentencia definitivamente juzgando lo pronunciamos, mandamos y firmamos: Juan Morera Martinez, Juan Hernández Lopez, Angel Garcia''.

*Resultando*: que contra la anterior sentencia interpuso Don Roberto Graham y Fraser recurso de casación por infracción de ley y elevados los autos á esta Corte Suprema, se sustanció el recurso como de apelación cumpliendo con lo dispuesto en la Ley de la Asamblea Legislativa de 12 de Marzo último.

*Resultando*: que evacuado el trámite de instrucción, se señaló día para la vista y en dicho acto el Letrado que representa al apelante manifestó su conformidad con la sentencia recurrida en cuanto por ella se declaró sin lugar la terceria de mejor derecho y la impugnó en cuanto por la misma se declaró con lugar la reconvención propuesta por la representación del Banco Territorial y Agrícola.

*Resultando*: que éste en dicho acto sostuvo en su informe oral los fundamentos de la referida sentencia; habiéndose entendido con los estrados del Tribunal toda la actuación en cuanto á Don José Ricardo Carazo.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. Guzmán Benitez* (Juan).

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando los fundamentos de hecho y solamente el primero y segundo de derecho, de la sentencia recurrida, y

*Considerando*: que la única cuestión que hoy debe resolver este Tribunal está limitada á si debe ó no declararse con lugar la reconvención propuesta por el Banco Territorial y Agrícola, y condenar, en caso afirmativo, á Don Roberto

condemn the plaintiff to pay the 'Banco Territorial y Agrícola' nine per cent. interest on the portion recoverable by it out of the sum of four thousand five hundred and eighty *pesos* proceeding from the sale of the machinery, to be reckoned from the date on which said sum may be established in the proceedings, with costs.

"Thus by this our decision, finally adjudging, do we find, order and sign. Juan Morera Martínez, Juan Hernández López, Angel García."

From the foregoing decision Robert Graham y Fraser took an appeal in cassation for error of law, and the record having been forwarded to the Supreme Court, said appeal was heard in conformity with the proceedings prescribed by the act of the Legislative Assembly of March 12, 1903.

The papers having been submitted to the parties, a day was set for the hearing at which counsel for appellant declared that his client accepted the judgment appealed from, so far as the dismissal of the intervention of better right was concerned, but opposed it as to the declaration upholding the counter-claim presented by the "Banco Territorial y Agrícola."

The latter, in its oral argument, sustained the grounds of aforesaid judgment, while José Ricardo Carazo was considered in default throughout the whole proceeding.

*Mr. Texidor,* for appellant.

*Mr. Guzmán Benítez (Juan),* for respondent.

MR. JUSTICE FIGUERAS, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and only the first and second conclusions of law are accepted.

The only question to be decided by this court is whether the counter-claim presented by the "Banco Territorial y Agrícola" should be admitted or not; and in case it should be declared to lie, condemn Robert Graham y Fraser to pay,

Graham y Fraser, por vía de indemnización de daños y per-
juicios, á satisfacer el nueve por ciento de intereses sobre
la suma que corresponda al Banco cobrar de los cuatro mil
quinientos ochenta dollars, de la venta de las maquinarias,
y á partir de la fecha en que resulte de los autos acreditada
en forma dicha suma, ó sea, el saldo de su crédito hipotecario,
con los intereses convenidos.

*Considerando*: que esa indemnización de daños y per-
juicios se hace derivar del hecho de que Don Roberto Graham
y Fraser, interponiendo primero una tercería de dominio que
se declaró sin lugar, y, después, una de mejor derecho á los
ejecutivos que se seguían contra las maquinarias, ha privado
al Banco de disponer de su dinero que tiene en depósito, y
que no ha podido evitar, por ser consecuencia legítima de la
última de las tercerías de que se ha hecho mérito.

*Considerando*: que, como fundamento de la reclamación
se alegan los Artículos 1101 y 1108 del antíguo Código Civil,
pero estas disposiciones suponen una obligación preexis-
tente, y en el presente caso no consta que entre Don Roberto
Graham y Fraser y el Banco Territorial y Agrícola existiese
alguna que hubiese sido contravenida por aquél ó que en el
cumplimiento de ella se hubiese incurrido, por el mismo, en
dolo, negligencia ó morosidad, y en tal concepto falta, por
consiguiente, le base generadora, en su caso, de los daños y
perjuicios que hoy se reclaman.

"*Considerando*: que más atinente sería, en el presente
caso, le aplicación del Artículo 1902 del citado Código,
puesto que éste prescribe que el que por acción ú omisión
causa daño á otro, interviniendo culpa ó negligencia, está
obligado á reparar el daño causado; mas habría que analizar
entonces las acciones ejecutadas por Graham y determinar
si en ella concurrían la negligencia ó culpa, de que nos habla
esta ley, y vendríamos á la conclusión sentada por la Juris-
prudencia del Tribunal Supremo de España, especialmente
en su sentencia de 27 de Junio de 1896, "de que no ejecuta

by way of indemnity for losses and damages, nine per cent. interest on the sum the bank is entitled to recover out of the four thousand five hundred and eighty dollars from the sale of the machinery, to be reckoned from the date when said sum, namely, the balance in the bank's mortgage credit with interest agreed upon, may be determined in due form.

The claim to said indemnity is derived from the fact that Robert Graham y Fraser, by interposing first an intervention of ownership which was dismissed, and then one of better right in the execution proceedings instituted against the machinery, had prevented the bank from disposing of the money it had on deposit, which circumstance it could not avoid, being a lawful consequence of the last mentioned intervention.

In support of aforesaid claim articles 1101 and 1108 of the old Civil Code are cited, but these provisions imply a prior obligation, and in the present case it does not appear that between Robert Graham y Fraser and the "Banco Territorial y Agrícola" there existed any which had been violated by the former or in the fulfillment whereof he had been guilty of fraud, negligence or delay, for which reason the cause giving rise to the losses and damages claimed is lacking.

The application of article 1902 of aforesaid Code would be more to the purpose in the present case, inasmuch as it provides that a person who, by an act or omission, causes damage to another when there is fault or negligence shall be obliged to repair the damage done; but then it would be necessary to analyze the acts executed by Graham and determine whether they involve the negligence or guilt mentioned in said legal provision, and we would arrive at the conclusion laid down in the decisions of the Supreme Court of Spain, especially in its decision of June 27, 1896, to the effect that "he does not

propiamente un daño quién se limita á pedir ánte los Tribunales la realización de un derecho más ó menos claro, siendo la imposición de costas el único correctivo aplicable en cada caso concreto, cuando se desestiman las pretensiones injustificadas".

*Considerando*: que no se ha justificado tampoco la existencia de los daños y perjuicios, porque es indudable que la cantidad depositada por virtud de la tercería de mejor derecho interpuesta por Graham, responde del crédito hipotecario y de los intereses convenidos, y además el Artículo 148 de la Ley Hipotecaria prescribe que la falta de intereses que el acreedor no puede exigir por la acción real hipotecaria, podrá reclamarla del obligado, por la personal, siendo considerado respecto á ella, en caso de concurso, como acreedor escriturario; y siendo ésto así, tiene también el Banco expedita su acción para, en su día, cobrar los intereses que se le adeuden de Don José Ricardo Carazo, y si los cobra no habrá sufrido entonces aquella institución de créditos merma alguna por virtud del contrato de préstamo hipotecario que con éste celebró.

*Considerando*: por tanto, que es improcedente la reconvención en solicitud de los daños y perjuicios de que se ha hecho mérito.

*Considerando*: que según la Regla 63 de la Orden General número 118, las costas deben imponerse á la parte cuyas pretensiones hayan sido totalmente desestimadas, y si en los demás casos debe el Tribunal resolver conforme á equidad, según la misma disposición citada, es lógico deducir que, cuando las peticiones de ambas partes no prosperen en absoluto, como en el presente caso sucede, cada una de ellas debe satisfacer las costas causadas á su instancia.

Vistas las disposiciones legales citadas en esta sentencia los Artículos 358, 360 y 371 de la Ley de Enjuiciamiento Civil y la Ley de la Asamblea Legislativa de 12 de Marzo último.

properly consummate a damage who confines himself to demanding a right, more or less clear, before the courts of justice, the imposition of costs being the only corrective applicable in each particular case, when claims not established are dismissed.''

Nor has the existence of damages been established, because there can be no doubt that the sum deposited by reason of the intervention of better right interposed by Graham secures the mortgage credit and interest agreed upon, and, moreover, article 148 of the Mortgage Law prescribed that such part of the interest, which the creditor cannot demand in a foreclosure suit, he may claim in a personal action, being considered with regard thereto, if there be general assignment proceedings, as a creditor protected by a public document; and this being so, the bank has also a clear right of action to recover at the proper time the interest that may be due it from José Ricardo Carazo, and if it recovers said interest, it will not then have sustained any loss by reason of the mortgage loan entered into with the latter.

On the strength of the foregoing reasons, the counter-claim for the losses and damages referred to is improperly interposed.

Under rule 63 of General Orders No. 118, costs shall always be paid by the litigant who loses his case on all points, and if in other cases the court must give an equitable decision, according to the same rule, it is logically to be inferred that when the claims of both parties absolutely fail to succeed, as happens in the present case, each of them should pay the costs incurred by himself.

In view of the legal provisions cited in this judgment, articles 358, 360 and 371 of the Law of Civil Procedure, and the act of the Legislative Assembly of March 12, 1903, we adjudge that we should declare and do declare that the inter-

*Fallamos*: que debemos declarar y declaramos no haber lugar á la tercería de mejor derecho interpuesta por Don Roberto Graham y Fraser para cobrar con preferencia su crédito. Se declara así mismo no haber lugar á la reconvención interpuesta contra éste por el Banco Territorial y Agrícola en reclamación de daños y perjuicios, sin especial condenación de costas de ambas instancias; confirmando en lo conforme, y en lo que no revocando, la sentencia apelada.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## EL PUEBLO *v.* SAN MIGUEL ET AL.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 51.—Resuelto en Febrero 25, 1904.

SENTENCIA.—ERRORES EN LA MISMA.—El Tribunal inferior tiene facultades para corregir aquellos errores en que hubiere incurrido al dictar sentencia y tales errores no producen necesariamente la nulidad de la sentencia.

APELACIÓN.—ERRORES Ó DEFECTOS DE CARÁCTER TÉCNICO.—El Tribunal Supremo está obligado á dictar sentencia sin consideración alguna á errores ó defectos de carácter técnico.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. del Toro* (Fiscal).

La parte apelante no compareció.

EL JUEZ ASOCIADO SR. MACLEARY emitió la siguiente opinión del Tribunal.

Los demandados en la presente causa, que son los apelantes en este Tribunal, fueron acusados en la Corte de Distrito de Arecibo, según se expresa en la acusación, como sigue:

"En Ciales, barrio Pozos, la noche del 29 de Agosto de 1903, los

vention of better right interposed by Robert Graham y Fraser to recover his credit in preference to others will not lie. It is also declared that the counter-claim set up against the latter by the ''Banco Territorial y Agrícola'' for losses and damages does not lie; without special imposition of costs in either proceeding, the judgment appealed from being affirmed where in conformity herewith, and reversed where not.

Chief Justice Quiñones and Justices Hernández and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.